UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDY WESTER,

    Plaintiff,

v.                              Case No. 8:20-cv-1785-T-33SPF

DATEX, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Datex, Inc.'s Motion to Dismiss Verified Complaint or, Alternatively, Motion for a More Definite Statement and Motion to Strike (Doc. # 14), filed on September 2, 2020. Plaintiff Brandy Wester responded on September 7, 2020. (Doc. # 18). For the reasons that follow, the Motion is granted.

**I.**    **Background**

Wester, who is female, works as a staff accountant/analyst with Datex. (Doc. # 1 at 2). According to Wester, she "was sexually harassed by the Owner/Founder/CEO Mr. Samir Armanious," who made "comments regarding her physical attributes; physically tr[ied] to touch [her] through constant requests for hugs, follow[ed] [Wester] to her car during lunch breaks and [took] her to secluded areas

1

of the building to try and make these [advances] and seduce [her]." (Id. at 3). Armanious also allegedly "text[ed] her cell phone to ask her on dates, and provid[ed] tickets to a professional hockey tournament knowing that it would be just him and [Wester]." (Id.). Another female employee was also allegedly sexually harassed. (Id.).

Wester made complaints to her direct supervisor, "but [Armanious] being the Owner committing the offenses, no actions were taken." (Id.). According to the complaint:

> As a result of [Wester's] complaints, [she] was retaliated by not receiving [Armanious's] wife's position, the controller of the [] company, after denying the [advances] of [Armanious], and being told that to get that [she] had to "show him that she wanted this" and that "No one is to know about this conversation."

(Id.). "This position was an advancement, and [Armanious] held it over her head to convince [Wester] to give in to his sexual advances." (Id. at 3-4).

These "forced encounters" by Armanious "perpetuated [Wester's] hostile working environment as they humiliated and degraded [her]." (Id. at 4). Wester alleges that Armanious's "behavior was ongoing and severe and pervasive and adversely altered her job environment." (Id.).

Furthermore, Datex allegedly does not provide sexual harassment training to employees, and Armanious's son-in-law

2

serves as the Human Resources Manager. (Id.). Wester alleges these facts "made it even more of a hostile work environment." (Id.).

Wester initiated this action against Datex on August 2, 2020, asserting claims for hostile work environment under Title VII (Count I) and the Florida Civil Rights Act ("FCRA") (Count II) and for retaliation under Title VII (Count III). (Id. at 4-7). In the complaint, Wester asserts that she "has exhausted her administrative remedies." (Id. at 2).

Now, Datex seeks dismissal of all counts or, alternatively, for a more definite statement and to strike certain allegations. (Doc. # 14). Wester has responded (Doc. # 18), and the Motion is ripe for review.

## II.  Legal Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short

and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Id. Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

**III. Analysis**

    **A.   Hostile Work Environment Claims**

In Counts I and II of the complaint, Wester asserts claims for hostile work environment under both Title VII and the FCRA. (Doc. # 1 at 4-6). "Florida courts have held that

4

decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII." Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998). Indeed, "[n]o Florida court has interpreted the Florida statute to impose substantive liability where Title VII does not." Id. Thus, the Court will address both claims at once.

To state a hostile work environment claim, a plaintiff must allege that: "(1) she belongs to a group protected by Title VII; (2) she was subjected to unwelcome harassment; (3) the harassment was based upon her sex; (4) the harassment was sufficiently severe or pervasive as to alter the terms and conditions of her employment; and (5) there is a basis for holding defendants responsible under a theory of either vicarious or direct liability." Richie v. Mitchell, No. 5:14-CV-2329-CLS, 2015 WL 3616076, at *6 (N.D. Ala. June 9, 2015).

Here, the complaint does not plausibly state a claim for hostile work environment under either Title VII or the FCRA because the allegations lack the necessary detail. True, Wester lists several ways Armanious allegedly harassed her, including making "comments regarding [Wester's] physical attributes," "physically trying to touch [Wester] through

5

constant requests for hugs," and "texting her cell phone to ask her on dates." (Doc. # 1 at 3). But the complaint does not allege when any of these acts occurred, how often they occurred, or the context in which they occurred. At no point does Wester allege a particular instance of harassment, such as a specific comment Armanious made or a specific text he sent. The complaint instead relies on broad allegations, which fail to put Datex on fair notice of the grounds of Wester's claims. Twombly, 550 U.S. at 555.

Furthermore, the complaint does not clearly allege whether Armanious's conduct was physically threatening or interfered with Wester's work performance. Wester merely states that the behavior was "ongoing and severe and pervasive and adversely altered her job" without describing how or why her performance was impaired. (Doc. # 1 at 4). Additionally, although the complaint states in passing that Wester denied Armanious's advances, (Id. at 3), it does not clearly allege that Armanious's conduct was unwelcome.

The Court does not require detailed factual pleadings, but here Wester only provides vague assertions that Armanious engaged in harassment, and summarily concludes that she has satisfied the elements of a hostile work environment. The

Court is not bound to accept these legal conclusions as true. Papasan, 478 U.S. 286.

Datex also argues that the FCRA hostile work environment claim, Count II, should be dismissed for failure to exhaust administrative remedies. (Doc. # 14 at 12-16). At this juncture, the Court dismisses the count without prejudice. The complaint states that all administrative remedies have been exhausted. (Doc. # 1 at 2). But as Datex points out, the complaint only alleges that Wester filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and initiated this suit within ninety days of receiving a right to sue letter. (Doc. # 1 at 2). No allegations have been made regarding how Wester has satisfied the separate exhaustion requirements for FCRA claims under Florida Statute § 760.11. See Huenefeld v. Nat'l Beverage Corp., No. 16-62881-CIV, 2017 WL 4838786, at *4 (S.D. Fla. Oct. 24, 2017) ("The amended complaint alleges that Huenefeld complied with all conditions precedent of Title VII by filing a charge of discrimination with the EEOC, and that he was issued a Notice of Right to Sue on September 30, 2016. However, the Amended Complaint does not include any allegations concerning Huenefeld's compliance with the FCRA's

exhaustion requirement, nor does it indicate the basis for the EEOC's notice of right to sue.").

Wester may attempt to replead administrative exhaustion for the FCRA count in an amended complaint. Once Wester alleges greater detail about administrative exhaustion in her amended complaint, Datex may reassert its argument regarding administrative exhaustion if appropriate. See Id. ("Florida courts have held that if the EEOC does 'not pass on the validity of the discrimination charge by making either a cause or a no-cause determination,' then a right-to-sue notice from the EEOC 'cannot operate to circumvent the administrative prerequisites of the FCRA.'").

Accordingly, Count I and Count II are dismissed. Because Wester may be able to plead greater detail to support her hostile work environment theory and the exhaustion of administrative remedies, the Court grants her leave to amend these claims. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

**B.   Retaliation Claim**

Next, Datex argues that Wester's Title VII retaliation claim should be dismissed for failure to state a claim. (Doc. # 14 at 10-12).

"Under Title VII, it is unlawful to discriminate against any individual for engaging in a statutorily protected activity, such as filing a charge of discrimination with the EEOC or using an employer's internal grievance procedure." Comerinsky v. Augusta Coating & Mfg., LLC, 418 F. Supp. 3d 1252, 1262 (S.D. Ga. 2019). To state a claim for retaliation, a plaintiff must allege that "(1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is a causal link between the two." Id.

Regarding the first element, "[u]tilizing an employers' internal grievance procedures or informally voicing complaints to supervisors qualifies as protected activity under Title VII." Id. "An employee claiming retaliation must have 'a good faith, reasonable belief that the employer has engaged in unlawful employment practices.'" Id. (citation omitted). For the second element, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination."'" Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). This is because "[t]he anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury

9

or harm." Id. at 67. This standard is "decidedly more relaxed" than the standard for adverse employment actions applicable to discrimination cases. Crawford v. Carroll, 529 F.3d 961, 973 (11th Cir. 2008).

The Court agrees with Datex that the complaint fails to plausibly allege a retaliation claim. Wester's vague allegation that "complaints . . . were made to her direct supervisor" is insufficient to show protected activity. No allegation is made regarding the number of complaints, the dates the complaints were made, or the process used to submit the complaints. More importantly, Wester does not allege the contents of the complaints she made to her supervisor. She fails to allege what conduct she brought to her supervisor's attention and whether she complained that the conduct constituted sex discrimination. In short, more detail is needed to plausibly satisfy this element. Compare Comerinsky, 418 F. Supp. 3d at 1262 (declining to dismiss a retaliation claim where the plaintiff reported harassing behavior to a Human Resources and Operations Manager and included in her complaints details about disparaging comments made toward women, physical incidents, and discriminatory treatment).

Additionally, the complaint fails to plausibly allege that a materially adverse action was taken against Wester in

10

retaliation for her complaints. The only alleged retaliatory action is Wester's "not receiving Samir's wife's position" as controller of the company. (Doc. # 1 at 3). But Wester does not allege that the controller position was even available, much less that she applied for such a position and was denied. Even under the more relaxed standard used for retaliation claims, Wester does not clearly allege a material change to her employment, or why a reasonable worker would be dissuaded from filing a charge of discrimination. Thus, she fails to adequately allege the second element of retaliation. See Webb-Edwards v. Orange Cty. Sheriff's Office, 525 F.3d 1013, 1031 (11th Cir. 2008) (upholding dismissal of a retaliation claim where the plaintiff failed to show how passing her over for a transfer "resulted in a serious and material change in the terms, conditions, and privileges of employment"); Shah v. Orange Park Med. Ctr., Inc., No. 3:14-cv-1081-J-34JRK, 2016 WL 4943925, at *1 (M.D. Fla. Sept. 16, 2016) (dismissing a retaliation claim where the complaint lacked any "facts suggesting that [the plaintiff] suffered any real or threatened consequences").

Since Wester could potentially cure the deficiencies in this claim by providing more details, Count III is dismissed with leave to amend. Bryant, 252 F.3d at 1163.

C. **Motions for More Definite Statement and to Strike**

As the Court has dismissed all counts with leave to amend, the Court need not address Datex's alternative request for a more definite statement. Similarly, the Court need not address Datex's alternate request to strike certain paragraphs from the complaint.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Datex, Inc.'s Motion to Dismiss Verified Complaint or, Alternatively, Motion for a More Definite Statement and Motion to Strike (Doc. # 14) is **GRANTED.** All counts are dismissed with leave to amend.

(2) Plaintiff Brandy Wester may file an amended complaint by **November 5, 2020.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE